Jerry L. Steering [State Bar No. 122509]
Brenton W. Aitken Hands [State Bar No. 308601]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Davis Josh Salary

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVIS JOSH SALARY, | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR |
| | ) VIOLATIONS OF FEDERAL |
| vs. | ) CONSTITUTIONAL RIGHTS UNDER 42 |
| | ) U.S.C. § 1983 – FOURTH AMENDMENT |
| COUNTY OF ORANGE, RANDY | ) RIGHT TO FREEDOM FROM |
| ENSLEY, RYAN GILBERT, T. | ) EXCESSIVE / UNREASONABLE |
| BROWN, PEDRO PEREZ-ESTRADA, | ) FORCE, EIGHT AMENDMENT RIGHT |
| ADAM HECKATHORN, RICHARD | ) TO BE FREE FROM CRUEL AND |
| AVILA and DOES 1 through 10, | ) UNUSUAL PUNISHMENT, |
| inclusive, | ) FOURTEENTH AMENDMENT RIGHT |
| | ) TO BE FREE FROM CONSCIENCE |
| Defendants. | ) SHOCKING BEHAVIOR, FIRST |
| | ) AMENDMENT RIGHT TO FREEDOM |
| | ) FROM RETALIATION FOR EXERCISE |
| | ) OF PROTECTED SPEECH; |
| | ) CALIFORNIA STATE LAW CLAIMS |
| | ) FOR VIOLATION OF CAL. CIVIL CODE |
| | ) § 52.1, ASSAULT AND BATTERY |
| | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES

1

Law Offices of Jerry L. Steering

**COMES NOW** plaintiff Davis Josh Salary and shows this honorable court the following:

<u>**JURISDICTIONAL ALLEGATIONS**</u>

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      Plaintiff timely filed his Government Claim For Damages against the County of Orange less than six months following the incident of May 27, 2017 incident and said Government Claim For Damages was denied less than six months prior to the date of the filing of this Complaint.

<u>**GENERAL ALLEGATIONS**</u>

4.      Plaintiff Davis Josh Salary, hereinafter referred to as "SALARY," is a natural person, who, at all times complained of in this action, resided in the County of Orange and in the State of California.

5.      Defendant Deputy Sheriff Randy Ensley[1], hereinafter referred to as "ENSLEY", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, ENSLEY was acting as

_____

[1] Orange County Sheriff's Department personnel identification number 3523.

COMPLAINT FOR DAMAGES
2

*Law Offices of Jerry L. Steering*

**Law Offices of Jerry L. Steering**

an individual person under the color of state law, pursuant to his status as a Deputy Sheriff and Custodial Officer, and was acting in the course of and within the scope of his employment with defendant County of Orange.

6.    Defendant Deputy Sheriff Ryan Gilbert[2], hereinafter referred to as "GILBERT", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, GILBERT was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff and Custodial Officer, and was acting in the course of and within the scope of his employment with defendant County of Orange.

7.    Defendant Deputy Sheriff T. Brown[3], hereinafter referred to as "BROWN", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, BROWN was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff and Custodial Officer, and was acting in the course of and within the scope of his employment with defendant County of Orange.

8.    Defendant Deputy Sheriff Pedro Perez-Estrada[4], hereinafter referred to as "PEREZ-ESTRADA", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, PEREZ-

---

[2] Orange County Sheriff's Department Personnel Identification Number 5694.
[3] Orange County Sheriff's Department Personnel Identification Number 5014.
[4] Orange County Sheriff's Department Personnel Identification Number 5862.

COMPLAINT FOR DAMAGES

3

ESTRADA was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff and Custodial Officer, and was acting in the course of and within the scope of his employment with defendant County of Orange.

9.     Defendant Deputy Sheriff Adam Heckathorn[5], hereinafter referred to as "HECKATHORN", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, HECKATHORN was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff and Custodial Officer, and was acting in the course of and within the scope of his employment with defendant County of Orange.

10.    Defendant Deputy Sheriff Richard Avila[6], hereinafter referred to as "AVILA", is, and at all times complained herein, was, a deputy sheriff with the Orange County Sheriff's Department. At all times complained of herein, AVILA was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff and Custodial Officer, and was acting in the course of and within the scope of his employment with defendant County of Orange.

11.    Defendant County of Orange, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

---

[5] Orange County Sheriff's Department Personnel Identification Number 9092.
[6] Orange County Sheriff's Department Personnel Identification Number 9092.

**Law Offices of Jerry L. Steering**

12.     Defendants DOES 1 through 6, inclusive, are sworn deputy sheriffs and / or police officers and/or investigators and/ Special Officers and/or Custodial Officers and/or dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

13.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Custodial Officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

14.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Orange County Sheriff's

Law Offices of Jerry L. Steering

Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving actions of subordinate deputies), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for: 1) for using unreasonable force upon jail inmates, 2) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 3) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 4) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

15.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE

defendants, when ascertained by plaintiff.

16.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriffs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

17.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[7].

18.     Moreover, at all times complained of herein, defendants ENSLEY, GILBERTSON, T. BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA and DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Orange County Sheriff's Department / County of Orange, for: 1) for using unreasonable force upon jail inmates, 2) for fabricating / destroying / concealing / altering evidence in criminal and

_____

[7] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

7

civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 3) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 4) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

19.    In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

20.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE / EXCESSIVE FORCE - UNDER FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(Against All Defendants)**

COMPLAINT FOR DAMAGES

21.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, inclusive, above, as though set forth in full herein.

22.     On Tuesday, May 27, 2017, plaintiff was scheduled to go to court for the third day in a row. Plaintiff waited in a holding cell at "the Loop" at the Intake Release Center of the Orange County Jail ("IRC") with a couple of other inmates.

23.     While waiting in the cell plaintiff prepared for his trial. The waiting period was usually about an hour.  Plaintiff knew this based on prior experiences when going to court.

24.     Defendant Deputy Sheriff Randy Ensley ("ENSLEY") was also in the holding cell as he had been for the previous two days.

25.     Because plaintiff had to change into his trial clothing, he was the last person to exit the holding cell.

26.     The day prior, Monday, May 26, 2017, ENSLEY had begun verbally harassing plaintiff. ENSLEY referred to plaintiff's Pro Per status and made negative and derogatory comments to and about plaintiff.

27.     Now that plaintiff was the last inmate in the holding cell, rushing to get ready, ENSLEY began verbally harassing plaintiff again. ENSLEY said to plaintiff, "You fucking pro per guys want to think you're better than everyone else. You better hurry the fuck up. You better hurry the fuck up before I fuck you up… It will be a really bad day for you."

COMPLAINT FOR DAMAGES

9

28.     Plaintiff took ENSLEY's words to mean he would have enjoyed injuring the plaintiff.

29.     ENSLEY's threats were an attempt to provoke plaintiff into protesting ENSLEY's comments in a way that ENSLEY believed would justify beating and torturing the plaintiff. ENSLEY was looking for an excuse to use force upon plaintiff, so plaintiff tried not to make any fast movements. Plaintiff was afraid of ENSLEY and said nothing back him.

30.     Plaintiff tried to ignore ENSLEY and went about his way, focusing on his trial. This angered ENSLEY.

31.     ENSLEY got really close to plaintiff's face and called plaintiff a "faggot," a "pussy," and a "bitch." ENSLEY said, "You really want to get fucked up, don't you? I'm going to smash your fucking face to the ground."

32.     Plaintiff continued to try to ignore ENSLEY's verbal threats because plaintiff knew that he wasn't going to win. Plaintiff knew that if he fought back against an attack by ENSLEY, plaintiff was not only going to get beaten-up by ENSLEY and his fellow deputies, but he would also probably get bogus charges filed against plaintiff too.

33.     ENSLEY'S threats continued until plaintiff finally said to ENSLEY: "I'm just trying to go to court. Leave me alone and do your job."

34.     In response ENSLEY said: "You're going to have a really bad day," and then came-up from behind plaintiff and brutally and sadistically twisted plaintiff's right

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

arm in a way that caused him to collapse to the floor.

35.     GILBERT and DOES 1 to 6, inclusive, also grabbed plaintiff and also twisted plaintiff's arm.

36.     The pain was so severe, the plaintiff thought said defendants was going to snap his arm or possibly break it. With plaintiff's face on the ground, the defendants hit plaintiff multiple times with their knees or by kicking; also badly injuring plaintiff's nose.

37.     Said defendants also punched plaintiff in the head, and then the other deputies (i.e. defendants BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA joined in beating-up the plaintiff, punching, kicking and otherwise hitting / striking plaintiff in his head, nose, back and shoulder, and put a knee to the back of his head; seriously injuring him.

38.     Thereafter, one of the DOE defendant deputies picked plaintiff up and brutally threw him into a jail cell; again further injuring the plaintiff.

39.     Afterwards, said defendant deputies laughed, gave each other high-fives and made fun of plaintiff for not being able to go to court.

40.     Plaintiff was then sent back to housing rather than to court.

41.     When plaintiff was sent back to his jail cell, the pain on the left side of his face and nose and upper right shoulder and back was so severe that plaintiff had to flag down another inmate to help get the deputies' attention.

COMPLAINT FOR DAMAGES
11

42.     The fellow inmate told the deputies that plaintiff badly needed medical care and the deputies told the fellow inmate: "Go away. Unless he's dead, I don't want to hear it right now."

43.     Accordingly, the conduct of defendants EASLEY, GILBERT, BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA and DOES 1 to 6, inclusive, constituted a violation of the plaintiffs' right to be free from the use of unreasonable and excessive force upon him in violation of the plaintiffs' rights under the Fourth Amendment to the United States Constitution.

44.     As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

45.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation Of First Amendment Right To**
**Freedom Of Speech / Right To Petition Government For Redress Of Grievances**
**(Against all defendants)**

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

46.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.     The main motivating factor for said defendants denying him medical care and assaulting and battering of plaintiff numerous times as described above, was to retaliate against him for protesting the ENSLEY'S verbal badgering and taunting of plaintiff and for plaintiff thereafter protesting and the actions of said defendants in assaulting and battering him.

48.     Accordingly, said assaults and batteries of the plaintiff was done to deprive him / in retaliation for plaintiff's exercise of his First Amendment rights.

49.     Plaintiff's verbal protest of the actions of said defendants directed at him (i.e. beating him, verbally taunting and badgering him) was speech that is/are protected by the first amendment to the United States Constitution.

50.     A substantial or motivating factor in the decision of the defendants to assault and batter the plaintiff and to deny him medical care was plaintiff's exercise of his right to freedom of speech / right to petition, as described above.

51.     But for Plaintiff's exercise of his right to freedom of speech as described above, defendants would not have taken the actions against the plaintiff that they did; above-referenced.

52.     As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered

COMPLAINT FOR DAMAGES
13

**Law Offices of Jerry L. Steering**

great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

53.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation Of Eighth Amendment Right To Be Free From
### Cruel And Unusual Punishment
### (Against all defendants)

54.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55.    As set forth above, the defendants taunted, ridiculed, beat, tortured, and otherwise brutalized the plaintiff and denied him medical treatment for his obvious serious medical needs. Accordingly, the defendant used excessive and unnecessary force under all of the circumstances.

56.    Moreover, the defendants acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline.

57.    Moreover, the actions of the defendants caused the plaintiff to suffer serious physical injuries.

COMPLAINT FOR DAMAGES

58.    Accordingly, the actions of the defendants as described above constituted a violation of the plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

59.    As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

60.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation Of Eighth Amendment Right To Be Free From**
**Cruel And Unusual Punishment And Fourteenth Amendment Right To Protection**
**Denial Of Medical Care**
**(Against all defendants)**

61.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.    As shown above, after the defendants beat-up and tortured the plaintiff, he was in such a physical condition that it would have been obvious to any peace officer that he was in serious medical peril and that he was in need of immediate medical care.

COMPLAINT FOR DAMAGES
15

63.     Notwithstanding the obviousness of the serious medical peril that any reasonable peace officer would have noticed about the plaintiff, the defendants made an intentional decision to deny him the medical care that he obviously needed immediately.

64.     The failure to provide the plaintiff immediate medical care placed plaintiff is danger of suffering serious medical injury and placed him in substantial risk of suffering serious harm, and caused plaintiff unnecessary severe physical, mental and emotional pain and suffering.

65.     A reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and nonetheless, the defendants deprived the plaintiff of that medical care.

66.     Defendants' failure to provide medical care to the plaintiff constituted conduct that was done maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline, and caused the plaintiff to suffer serious medical harm; a violation of the plaintiff's right to be free from cruel and unusual punishment and a violation of the plaintiff's substantive due process right to medical care while in police custody.

67.     As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred

Law Offices of Jerry L. Steering

medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

68.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Municipal Liability Based On Policy, Practice And Custom (*Monell* Claim)
### (Against defendant County of Orange)

69.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70.    As set forth above, the Orange County Sheriff's Department had and has a custom and practice of: 1) for using excessive force upon jail inmates, 2) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 3) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 4) for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel, and 5) for failing to provide medical care to those in obvious serious medical peril.

COMPLAINT FOR DAMAGES

17

**Law Offices of Jerry L. Steering**

71.    As a proximate result of said customs, practices and policies defendant County of Orange the individual in this case committed the constitutional torts described above against the plaintiff.

72.    Accordingly, defendant County of Orange is liable for the actions taken against plaintiff and the damages caused by the same pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

72.    As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

## SIXTH CAUSE OF ACTION
### Battery
### Under California State Law
### (Against all defendants)

73.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, above, as if set forth in full herein.

74.    The actions committed by defendants to this action as described above constituted the unjustified non-consensual use of unlawful force and violence upon the plaintiff, and constituted a battery of him by said defendants under California state law.

75.    The defendants are liable to plaintiff pursuant to Cal. Gov't Code §§ 815.2 and 820 and otherwise pursuant to the common-law.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

76.     As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

77.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

<u>**SEVENTH CAUSE OF ACTION**</u>
**Cal. Civil Code § 52.1**
**Under California State Law**
**(Against all defendants)**

78.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 77, inclusive, above, as if set forth in full herein.

79.     The actions of Officer Defendants WEBER, MEYER, MULROY, and DOES 1 through 6, inclusive, in intentionally grabbing, tackling, slapping, torturing, punching, arresting, citing, and procuring the prosecution of Plaintiff DUERO-YOUNG constituted an intentionally threatening, intimidating, and coercive means of interfering with DUERO-YOUNG's Fourth Amendment right to be free from unreasonable seizures.

80.     The actions of Officer Defendants EASLEY, GILBERT, BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA and DOES 1 to 6, inclusive, in using the force and

COMPLAINT FOR DAMAGES

19

violence against plaintiff as described above constituted an intentionally threating, intimidating, and physically coercive means of interfering with plaintiff's Fourth Amendment right to free from unreasonable seizures (excessive force) to deter and/or prevent the plaintiff from exercising his right to freedom of speech / right to petition under the First Amendment to the United States Constitution.

81.    The actions of defendants EASLEY, GILBERT, BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA and DOES 1 to 6, inclusive, in brutalizing the plaintiff were done in retaliation for plaintiff's DUERO-verbal protesting said defendants' actions and constituted an intentionally threatening, intimidating, and coercive means of interfering with plaintiff's First Amendment right to petition the government for redress of grievances.

82.    Thus, the actions of defendants EASLEY, GILBERT, BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA and DOES 1 to 6, inclusive, as complained of herein, intentionally interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, plaintiff's exercise or enjoyment of rights secured to him by the Constitution and laws of the United States, and the Constitution and laws of the State of California, all in violation of California Civil Code §52.1; to wit, the unreasonable seizure and use of excessive/unreasonable force upon plaintiff in violation of his Fourth Amendment rights, and the retaliatory arrest and beating of plaintiff in violation of his First Amendment rights.

COMPLAINT FOR DAMAGES

**Law Offices of Jerry L. Steering**

83.     Defendants EASLEY, GILBERT, BROWN, PEREZ-ESTRADA, HECKATHORN, AVILA and DOES 1 to 6, inclusive, are liable to Plaintiff DUERO-YOUNG for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

84.     As a direct and proximate result of the actions of said defendants' actions, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, in an amount in excess of $3,000,000.00.

85.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

86.     In addition, because the actions of Defendants, as complained of herein, constituted a violation of California Civil Code § 52.1, Plaintiff is entitled to an award of treble compensatory damages against all Defendants, and each of them.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all Defendants for compensatory damages in an amount in excess of $3,000,000.00, trebled to $9,000,000.00.

b)  For a judgment against all Defendants, save Defendant COUNTY, for

COMPLAINT FOR DAMAGES

punitive damages in an amount in excess of $3,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and

equitable.

_____
JERRY L. STEERING